JOSEPH ETTL AND ELLA ETTL, PLAINTIFFS-APPELLANTS, v. THE LAND AND LOAN COMPANY, A BODY CORPORATE, DEFENDANT-APPELLEE.

Submitted January 17, 1939—Decided April 13, 1939.

Before Justices Trenchard, Parker and Perskie.

For the appellants, *Hall & Parker* (*Thomas B. Hall,* of counsel).

For the appellee, *Doremus & Manson* (*Thomas P. Doremus,* of counsel).

The opinion of the court was delivered by

Perskie, J.   Did the trial judge err, as plaintiffs claim he did, in quashing the summons and striking out the state of demand before trial, upon the ground that the state of demand did not set forth a cause of action against defendant?

The state of demand alleged that plaintiffs own and reside in their home located at the northeastern end of Locust street, in the borough of Highlands, New Jersey; that the premises upon which their home is located, has a frontage on Locust street of thirty-six feet (the rear end of the lot has a width of sixty feet) and has a depth of one hundred feet; that defendant owns the premises on the northwesterly side of plaintiffs' premises and contiguous thereto; that defendant covered its premises with "very fine," "light" and "loose" sand "to the approximate depth of three feet more or less with varying elevations above street level;" that the sand was deposited "unevenly" so that there were in places "hills or dunes of sand" likely to be swept upon adjoining premises by prevailing winds occurring in the neighborhood; that after the sand was thus deposited  the winds carried great

quantities thereof upon plaintiff's premises; namely, a minimum depth of three inches and a maximum depth of one and one-half feet on the portion of the premises fronting Locust street, a minimum depth of three inches and a maximum of three feet upon the rear portion of the premises; that the sand so deposited carried onto the rear and front of the premises to its entire width from the front and rear house lines; that the defendant "failed to erect a dike or other preventive means or to take other proper means to prevent the sand so deposited from being carried by the winds onto the lands of said plaintiffs;" that by reason of defendant's alleged negligence plaintiffs were obliged to and did expend $414.40 to prevent damage to their premises, to restore the damage done, and to remove the sand which had accumulated upon their premises.

Upon defendant's motion, before trial, the judge quashed the summons and struck out the state of demand upon the ground that the state of demand did not set forth or allege a cause of action against defendant. Was this proper?

It is argued that there is no direct adjudication by the courts of our state which is determinative of the issue in the case at bar. Be that as it may, it is, however, well settled that: "The rules which determine the negligence of conduct threatening harm to another's interest in the physical condition of land and chattels are the same as those which determine the negligence of conduct which threatens bodily harm." *Restatement of the Law on Torts, Negligence*, 1934, *ch.* 18 (*Harm to Land or Chattels*), *p.* 1287, § 497. And: "The rules which determine the causal relation between conduct involving an unreasonable risk or harm to the physical condition of another's lands or chattels which is necessary to make the actor liable for such harm are [again] the same as those which determine the causal relation necessary to make an actor, who by his negligent conduct has subjected himself to liability for the bodily harm of another, liable for such harm." Section 49, *Op. Cit., supra,* page 1290.

In 2 *C. J. S., tit.* "*Adjoining Landowners,*" § 1, the rule of law is stated so: "A landowner must so use his property as not to injure the legal rights of neighbors. * * * and

must refrain from actively, wrongful, negligent or unskilful acts causing unnecessary injury to adjoining premises." From this basic principle flows some of the following rules: "A landowner who maintains or permits the existence of something potentially dangerous to adjoining property must take precaution that no damage ensues." *Op. Cit., supra,* § 43. "A landowner who negligently permits injurious matter to pass from his land onto that of the adjoining proprietor is liable for the damage thereby ensuing. The fact that the injured owner has not erected barriers to protect himself or has not sought to minimize damages does not preclude recovery, although failure to minimize damages may go to the extent of recovery." *Id.,* § 44.

We are, therefore, of the opinion that the law applicable in this type of a case is that the owner of a piece of land in its natural condition is, as a general rule, not accountable for physical results due to extraordinary or even ordinary forces of nature so long as he has not interfered with the natural condition; but when he undertakes to make artificial changes in the land as, for example, by the storing or depositing of movable material on his land which afterward is carried by the ordinary force of nature, the owner becomes liable for his negligence if any. For the test of his liability is negligence. *Cf. Brownsey* v. *General Printing Ink Corp.,* 118 *N. J. L.* 505; 193 *Atl. Rep.* 824; *Sullivan* v. *Gruskin (Supreme Court of Errors of Connecticut),* 161 *Id.* 795; *Bishop* v. *Readsboro Chair Manufacturing Co. (Supreme Court of Vermont),* 81 *Id.* 454.

Thus whether defendant, under the stated determinative rules, was negligent as charged, or whether, as defendant argues, the alleged acts of negligence were in fact merely the resultant consequences occasioned exclusively (without active human intervention or neglect, or failure to act) by the violence of nature incapable of being avoided or foreseen, are factors which, if proved, require submission of that proof to the jury (if there be a jury) under proper instructions by the trial judge; and if the cause be tried without a jury, the trial judge is required to determine the issues upon the proofs submitted under the principles of law applicable thereto.

It was, therefore, under the circumstances exhibited, reversible error for the court to quash the summons and to strike out the state of demand.

Accordingly, judgment is reversed. Costs are to abide the event.