RANDY LANCE, Appellee, *vs.* BARBARA SENIOR *et al.,* Appellants.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

JACK E. HORSLEY and WHITNEY D. HARDY, both of Mattoon, (FRED H. KELLY, of counsel,) for appellants.

ELMER JENKINS, of Benton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Randy Lance, by his father and next friend, brought this action to recover damages for personal injuries. The amended complaint alleged that at the time of

his injury, the plaintiff was a nine-year-old boy who suffered from hemophilia, which the defendants knew; that he was an overnight guest in the defendants' home and that on the morning of August 15, 1964, the defendants "negligently and carelessly permitted and allowed" the plaintiff to play with a needle "which was caused to and did get into the throat of the plaintiff and was thereafter sucked into the inner part of the plaintiff's lung," causing the injuries for which the plaintiff sought to recover in the sum of $50,000.

The defendants moved to dismiss the complaint on the ground that it alleged only that the plaintiff was a social guest in the defendants' home and that the allegation of their negligence was not sufficient to state a cause of action because their only duty was to refrain from wilfully and wantonly injuring the plaintiff. The trial court granted the defendants' motion and entered judgment in their favor. On appeal the Appellate Court, Fifth District, reversed, holding that the complaint stated a cause of action for negligence. 66 Ill. App.2d 41.

The appellate court read our opinion in *Kahn* v. *James Burton Co.*, 5 Ill.2d 614, as making "the customary rules of ordinary negligence" control the duties of a landowner to an infant invited onto his land. And relying on *Kahn,* the appellate court rejected the argument that the plaintiff was a licensee to whom defendants owed only the duty not to inflict injury wilfully or wantonly, and concluded that whether or not it was foreseeable that the needle could cause the injury was a question for the jury.

As the appellate court noted, we held in *Kahn* that whether or not a trespassing child would be permitted to recover was not to be mechanically determined by ascertaining whether the label "attractive nuisance" had previously been applied to the factual situation before the court. The *Kahn* case recognized a trend in the law which conditions the nature of the precautions which an occupier of land is required to take to prevent injury to a visitor upon the cir-

cumstances and purposes of the visit and the burden of guarding against injuries. (See *Wagner* v. *Kepler,* 411 Ill. 368, 372; Prosser, Torts 381 (3d ed. 1964); Restatement of the Law of Torts 2d sec. 339). But the *Kahn* case does not decide this one.

In the present case the appellate court stated: "Whether or not it was foreseeable that a particular thing or condition might or could cause injury to the invited child would ordinarily be a question of fact for the jury who would be properly instructed under the rules of ordinary negligence." (66 Ill. App.2d at 46) In many negligence cases no more than foreseeability is involved. And because so many actions grounded upon negligence involve familiar patterns of conduct, it is easy to forget that implicit in an allegation of negligence is the assertion of a failure to comply with the standard of care that the law requires—the assertion of a duty and its breach. (See Prosser on Torts, sec. 36; Green, Duties, Risks, Causation Doctrines, 41 Tex. L. Rev. 42, reprinted in Green, The Litigation Process in Tort Law 215; Harper & James, The Law of Torts, sec. 18.2; Gregory & Kalven, Cases and Materials on Torts 252.) In the present case, for example, implicit in the allegation that the defendants "negligently and carelessly permitted and allowed the plaintiff to play with a needle", is an assertion that the law imposed a duty upon the defendants to guard against the risk that a nine-year-old boy who was a guest in their home, would swallow or otherwise ingest a needle.

After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon forseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account. In the present case the risk that a nine-year-old boy would swallow or otherwise ingest a needle is minimal. The allegation that the defendants knew that the plaintiff was a hemophiliac does not justify the

imposition of this duty, for it suggests that the plaintiff, who was not alleged to be mentally defective, would have been taught to guard against the special hazards to which his condition made him particularly vulnerable. The burden sought to be imposed upon the defendants is a heavy one, which would require intimate and constant surveillance. The existence of such a legal obligation, if generally known, would discourage persons in the position of the defendants from affording opportunities for children like the plaintiff to mingle with others, and would tend to isolate those children in their own homes. For these reasons, we hold that the complaint was properly dismissed because it does not allege facts upon which a recovery may be had.

The judgment of the appellate court is reversed.

*Judgment reversed.*