(No. 45154.-

REBECCA BARNES, Conservator, Appellee, v. EDWARD WASHINGTON *et al.*—(Illinois Central Railroad Company, Appellant.)

*Opinion filed November 30, 1973.*

GOLDENHERSH and KLUCZYNSKI, JJ., dissenting.

Lawrence Lawless, Thomas J. Healey and Robert W. Coster, all of Chicago, for appellant.

Heller & Morris and Jerome H. Torshen, Ltd., both of Chicago (Jerome H. Torshen and Benjamin H. Cohen, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The circuit court of Cook County entered a judgment in favor of defendant Illinois Central Railroad Company on its motion for summary judgment. The appel-

late court reversed the judgment of the circuit court and remanded the case for further proceedings (4 Ill. App. 3d 513), and we granted leave to appeal.

It appears that Jessie Barnes, a 37-year-old incompetent, on November 14, 1959 visited a tavern on the south side of Chicago. While there, he became intoxicated. Later that evening he was taken to a private party by some individuals whom he had met in the tavern. Still later that night, or early on the morning of November 15, when leaving the private party he was given a ride; however, he was not taken to his home. There are discrepancies in the plaintiff's pleadings and answers to interrogatories as to where the incompetent got out of the automobile, but for the purpose of this case we accept the plaintiff's allegations that he did so at Marquette Road and Dorchester Avenue, adjacent to railroad tracks owned by the defendant. Three days later, on November 17, he was found in a switch shanty in the railroad yards in Decatur, Illinois, 175 miles south of Chicago. His extremities were frozen to the extent that amputations were required.

Rebecca Barnes, his mother, as conservator of the incompetent's estate, originally instituted an action for damages under "An Act relating to alcoholic liquors," commonly known as the Dramshop Act (Ill. Rev. Stat. 1959, ch. 43, par. 135), alleging that the individuals whom the incompetent had met in the tavern had placed him in a railroad car. Subsequently, an amended complaint was filed joining the Wabash Railroad Company as defendant, alleging that the incompetent had boarded one of Wabash's trains at a point several blocks from where it is now alleged he boarded the defendant's train. The court allowed Wabash's motion to dismiss, and on March 22, 1967, more than 6 years after the original complaint was filed, plaintiff filed another amendment to her complaint, adding count VIII making the Illinois Central Railroad Company a defendant. It is this count which is involved in this appeal. In count VIII the plaintiff alleges that this defendant

maintains and uses railroad tracks in the vicinity of Marquette Road and Dorchester Avenue, which tracks are raised by an embankment, and on the 14th or 15th of November, 1959, the incompetent boarded a box car of one of the defendant's trains at Marquette Road and Dorchester Avenue and was subsequently locked in the car for a period of three days. The plaintiff further alleges that at that time the defendant and its agents "knew or should have known that trespassers frequently boarded their trains and rode in their cars, and were grossly negligent in failing to properly maintain the fence along the right of way at Marquette Road and Dorchester Ave., which they knew or should have known was pulled aside and torn open by children and others who played upon and about the railroad embankment, and in failing to inspect their cars for children or incompetents, particularly before locking their cars, and as a result of said gross negligence, the Plaintiff's Incompetent, Jessie Barnes, was able to enter the railroad embankment through the hole in the fence, climb up the embankment and enter one of the railroad cars of the defendant ***."

Without filing an answer to count VIII the defendant filed a motion for summary judgment and an amended motion for summary judgment supported by an affidavit stating that the defendant does not maintain yard facilities in the vicinity of the occurrence and that "as to that portion of its trackage lying in the vicinity of Dorchester Avenue operates freight trains on a through train basis and does not maintain or operate sidings or yard tracks and that, therefore, there would be no occasion for a freight train of the defendant to have stopped so as to permit any person to board an unoccupied box car nor to be locked therein as is implied by the plaintiff."

Plaintiff filed an answer and a counteraffidavit in opposition to the motion for summary judgment which established that the fence along the defendant's track at Dorchester Avenue and Marquette Road was open at two

places where entry could be had to the defendant's tracks and that the incompetent was last seen after he got out of an automobile a few feet from an opening in the fence. These facts were presented as proof that the incompetent boarded the defendant's railroad car at that point.

To establish that the incompetent was on a railroad car, a report of laboratory tests made of his clothing was attached to the plaintiff's counteraffidavit. The tests showed that material found on his clothing indicated he could have been on a railroad car.

To support the plaintiff's allegation that the defendant knew or should have known that trespassers boarded their cars and that children and others played on the railroad embankment, statements of witnesses were attached to the affidavit which established that there were holes in the fence along the railroad tracks and that children and adults had walked over the embankment as a shortcut and that children had often been seen playing on the embankment.

Necessary to any recovery based on the theory of common law negligence is the existence of a duty or an obligation requiring one to conform to a certain standard of conduct for the protection of another against an unreasonable risk. Whether under the facts of a case such a relationship exists between two parties as to require that a legal obligation be imposed upon one for the benefit of another is a question of law to be determined by the court. (Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 37.) A motion for summary judgment is properly allowed if the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact. Ill. Rev. Stat. 1967, ch. 110, par. 57(3).

This court has said: "It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a

jury, and the court would be required to direct a verdict, then a summary judgment should be entered." (*Fooden v. Board of Governors, 48 Ill.2d 580,* at 587.) This court has also held that the entry of a summary judgment is proper when only a question of law is involved. (*Allen v. Meyer, 14 Ill.2d 284.*) Thus, if under the pleadings and affidavits it appears that the defendant owed no duty to the incompetent, the granting of the motion for summary judgment was proper.

For the purposes of this motion we will accept the allegations that the fence along the defendant's tracks at Marquette Road and Dorchester Avenue was open at two points permitting access to the defendant's tracks. We will also accept the allegations that the incompetent entered the defendant's property at this point and boarded defendant's train and was transported to Decatur, Illinois. Also accepted is the fact that children played on the embankment and that it was used by children and adults as a shortcut. The controlling issue, however, is whether under these facts, considering all of the documents filed by both parties, there was a duty or obligation owed by the defendant to the incompetent. We think that these facts did not impose such a duty on the defendant.

The plaintiff contends that the defendant owes an adult incompetent the same duty that it owes a child of tender years. There is some authority that an infant's mental development may be considered insofar as it relates to his inability to appreciate the danger of an existing condition. (Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 59, at 374.) It may be appropriate to also extend this consideration to a trespassing incompetent adult because of a similar inability to appreciate the danger of an existing condition. However, as to the foreseeability of an unreasonable risk, there are situations in which a landowner may not reasonably foresee a condition as a risk to a child because its lack of physical development prevents access to the dangerous condition. However, the

same condition may constitute a danger to an adult incompetent which danger would be unforeseen unless the landowner had knowledge of the incompetence. For instance, an adult incompetent may have no difficulty in raising himself into an open boxcar from the ground, whereas it would be difficult, if not impossible, for an immature child to do so. For this reason we must reject the plaintiff's contention and the general holding of the appellate court that a mentally incompetent adult should be afforded the same protection as a child of tender years. However, in this case we find it unnecessary to define the extent of the duty which is owed to the adult incompetent involved. The facts presented are not adequate to determine his state of mental development for the purpose of determining what standard to apply. Although the complaint alleges that the incompetent has the mentality of a four-year-old child, the statement of the person with whom he left the party shows that when he entered the automobile he told the driver he wanted to get out at 65th and Dorchester, thus indicating a certain degree of mental awareness of his surroundings ordinarily not possessed by a four-year-old child. For the purpose of this case we need go no further than to apply the standards applicable to children although, as we stated above, this is not an affirmance of the appellate court's decision that the incompetent adult should in all cases be afforded the same protection as the child of tender years.

The plaintiff relies on the decision of this court in *Kahn v. James Burton Co., 5 Ill.2d 614.* The *Kahn* decision essentially applied the standards set forth in Restatement (Second) of Torts, sec. 339 (1965), and discussed in Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 59. Under these standards the owner "must have reason to anticipate the presence of the child at the place of danger," and the condition must be one which the landowner should recognize as an unreasonable risk of harm to children. (Prosser (4th ed.), at 368-369.) Even

though a dangerous condition is known to exist, if it is not one from which an unreasonable danger to children is reasonably to be anticipated, there is no negligence in failing to protect them against it. In determining whether the law imposes a duty, foreseeability of possible harm alone is not the test, for in retrospect almost every occurrence may appear to be foreseeable. The likelihood of injury from the existence of a condition, the magnitude of guarding against it, and the consequences of placing the burden upon the defendant must be taken into account. *Lance v. Senior, 36 Ill.2d 516, 518.*

Reviewing the allegations of the pleadings and the affidavits relating to these elements of the defendant's duty, it is clearly established that children and adults have entered the defendant's property through the holes in the fence and have used the defendant's property as a shortcut. Also, children have played upon the embankment adjacent to the tracks for a number of years. However, there is no affidavit or statement by anyone that establishes the fact that children or adults were ever seen on or in any train or car of the defendant or that children or others have ever attempted to board a car or train of the defendant in that area. Thus we cannot accept plaintiff's contention that the fact that children were known to play on the embankment was sufficient to establish that the defendant knew or should have known that the children and others played in or about the trains and the cars of the defendant.

In opposition to this contention is the uncontradicted affidavit of the defendant that it maintains no yards or sidings in that area and that its trains are operated there on a through-train basis. Considering this with the contents of the above paragraph, we conclude that the defendant would have no reason to believe or know, even if children did play on the embankment and use it for a shortcut, that someone, at 1:30 A.M., would be likely to board one of its cars and be injured. The likelihood of such an event

happening under the circumstances in this case is so minimal that it does not constitute an unreasonable risk of injury to children. See *Lance v. Senior, 36 Ill.2d 516.*

Applying the standards pertaining to children to the incompetent in our case, we find that the defendant owed him no duty to protect him from the scant likelihood of being injured in the manner alleged.

Under these conditions, we do not agree with the plaintiff's contention that the defendant was negligent in not maintaining the fence in the state of repair which would prevent children from going upon the right of way. We likewise reject the contentions that the defendant was negligent in not inspecting its box cars, especially before locking them, to insure that no one was inside.

The judgment of the appellate court will therefore be reversed.

*Judgment reversed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. The judgment of the circuit court was entered upon allowance of defendant Illinois Central Railroad's motion for summary judgment and is clearly erroneous. The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact to be decided, and if the pleadings, discovery depositions and exhibits present a genuine issue as to any material fact summary judgment should not be entered. The affidavits filed in support of a motion for summary judgment are to be strictly construed, while the affidavits filed in opposition to the motion are to be liberally construed. The right of the moving party to summary judgment must be free from doubt, and the motion should be denied if there are triable issues of fact which, if decided favorably to the opponent of the motion, will entitle him to the relief sought in his pleadings. Even a cursory examination demonstrates beyond doubt that the

affidavits upon which the judgment rests do not meet the requirements for granting summary judgment.

Rule 191 provides that "Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." (50 Ill.2d R. 191.) The affidavit filed in support of defendant's motion fails to comply with the explicit language of the Rule and shows only that the affiant "has made an investigation and has truthfully and correctly reported those matters to which said investigation relates based upon the information furnished to him."

Plaintiff's complaint, as amended, makes no mention of railroad yards, and the issue is a "red herring" introduced in defendant's motion for summary judgment. Anyone so unfortunate as to be required to drive streets on which there are grade crossings can take notice of the fact that trains stop for long periods of time at points other than railroad yards and the defendant's unverified conclusion that "there would be no occasion for a freight train of defendant to have stopped so as to permit any person to board an unoccupied box car nor be locked therein ***" is precisely the type of "conclusion" proscribed by Rule 191.

The majority appears to be of the opinion that when confronted with a motion for summary judgment a party is required to submit his entire case by counteraffidavit. This is clearly not the law. Counteraffidavits are required

only if the affidavits filed in support of the motion, if uncontravened, would entitle the movant to judgment. It would have been necessary for plaintiff to contravene defendant's affidavit, assuming it were in proper form, only if it served to foreclose the possibility that plaintiff entered its freight car and that as alleged in the amended complaint defendant and its agents "knew or should have known that trespassers frequently boarded their trains and rode in their cars, and were grossly negligent in failing to properly maintain the fence along the right of way at Marquette Road and Dorchester Ave., which they knew or should have known was pulled aside and torn open by children and others who played upon and about the railroad embankment, and in failing to inspect their cars for children or incompetents, particularly before locking their cars, and as a result of said gross negligence, the Plaintiff's Incompetent, Jessie Barnes, was able to enter the railroad embankment through the hole in the fence, climb up the embankment and enter one of the railroad cars of the defendant ***." *Adickes v. S. H. Kress and Co.,* 398 U.S. 144, 26 L. Ed. 2d 142, 90 S. Ct. 1598.

Although the briefs and arguments of the parties, and the opinion of the appellate court, are in large part directed to the questions of whether there was a duty on the part of the defendant to fence its right of way to protect children from the dangers of hazardous conditions present there, and whether the same protection should be afforded a mentally incompetent adult, I am of the opinion that it was not necessary, on this record, to decide these issues. The allegations in plaintiff's amended complaint that trespassers frequently boarded defendant's trains and rode in its cars, if proved, would support the inference that these facts were known to the defendant or that the practice had persisted for a sufficient length of time so that defendant was chargeable with knowledge. Under those circumstances defendant could be charged with the duty to inspect its cars before locking them and

its negligence in failing so to do, resulting in the plaintiff's ward being locked in its car for three days, could render it liable for the injuries which he suffered. *Bernier v. Illinois Central R.R. Co.,* 296 Ill. 464; *Joy v. Chicago, Burlington and Quincy R.R. Co.,* 263 Ill. 465.

Irrespective of the issues of defendant's duty to fence the right of way and the mentality of plaintiff's ward, the amended complaint stated a cause of action against the defendant. The amended motion for summary judgment and the supporting affidavit fail to show that there is no triable issue of fact and the trial court erred in allowing the motion for summary judgment. I would affirm the judgment of the appellate court.

MR. JUSTICE KLUCZYNSKI joins in this dissent.