ROBERT KELLER, a Minor, by His Mother and Next Friend, Judith Keller, Plaintiff-Appellant, v. RALPH MOLS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—2508

Opinion filed December 5, 1984.

Barclay, Damisch & Sinson, Ltd., of Chicago (Junie L. Sinson and Thomas J. Swabowski, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, William J. Oberts, and Katherine S. Dedrick, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

On January 17, 1980, Robert Keller, Richard Keller, Ralph Mols, Jr., and Richard Mols were engaged in a child's game of floor hockey on the patio of the Mols' residence. They were playing with a plastic puck, hockey sticks with plastic bottoms and plastic whiffle-ball bats. The object of the game was to propel the puck over the opponent's goal by hitting it with the stick. While acting as goalie, Robert Keller was injured when the plastic puck struck him in the right eye. He was wearing no protective equipment.

Robert Keller instituted the present action by his mother and next friend, Judith Keller. Count 1 of his amended complaint is directed against Ralph Mols, Sr., and Judith Mols and alleges, *inter alia,* that they were negligent in permitting neighborhood children to play floor hockey on their property and in failing to warn them of the dangers of playing floor hockey without protective equipment. Count 2 of the complaint is directed against Ralph Mols, Jr., and alleges that he was negligent in shooting a hockey puck in the direction of an individual whose face was unprotected by an appropriate mask.

On motion of defendants, Ralph Mols, Sr., and Judith Mols, the circuit court entered summary judgment as to count 1 of the amended complaint and dismissed same. Plaintiff appeals.

It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116; *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E.2d 96; *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 208, 399 N.E.2d 596.) Whether under the facts of a case such a relationship exists between the parties as to require that a legal obligation be imposed upon one for the benefit of another is a question of law to be determined by the court. (*Pelham v. Griesheimer* (1980), 92 Ill. 2d 13, 18-19; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535.) In the absence of any showing upon which the court could infer the existence of a duty, no recovery would be possible as a matter of law, and summary judgment in favor of defendants would be proper. *Barnes v. Washington* (1973), 56 Ill. 2d 22, 27; *Schoondyke v. Heil, Smart & Golee, Inc.* (1980), 89 Ill. App. 3d 640, 643, 411 N.E.2d 1168; *Boehne v. Elgin Packing Co.* (1972), 8 Ill. App. 3d 153, 289 N.E.2d 283.

In granting the motion for defendants, Ralph Mols, Sr., and Judith Mols, for summary judgment the court found, as a matter of law, that the plaintiff-minor, Robert Keller, was a social guest at the time of the occurrence and that defendants, Ralph and Judith Mols, did not violate their duty to refrain from wilful and wanton conduct. Historically, a social guest was regarded as a licensee rather than an invitee, and the duty of the host was not to wilfully, wantonly or recklessly injure the guest. (*Kay v. Ludwick* (1967), 87 Ill. App. 2d 114, 120, 230 N.E.2d 494.) However, the common law categories of trespasser, licensee and invitee, as they pertained to an injured child's status, are no longer controlling in determining liability. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 285-86, 464 N.E.2d 1023.) Whether the law imposes a duty on a landowner for injuries to a child depends on the

likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant. *Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231.

■ In the present case, the likelihood of injury was small. The Mols and Keller boys used plastic whiffle-ball bats, hockey sticks with plastic bottoms and a plastic puck to play the game of floor hockey. This collection of toys cannot be compared to the equipment used in adult hockey games. The likelihood of injury is small when a light plastic puck is being propelled on a slow surface by a stick with a plastic bottom.

The burden sought to be imposed upon defendants is inordinately high, requiring constant surveillance of the boys' play activities. Defendants would have to be on guard whenever their children invited other children to play on their property. Defendants would have to know the rules of all the games played by the children and the risks involved in each game. Defendants would also have to familiarize themselves with the types of protective equipment needed in each game and either provide appropriate equipment or require that the children provide their own. Lastly, defendants would have to oversee the games to ensure that the children did not remove the protective equipment. The existence of such a legal obligation, if generally known, would lead persons in the position of defendant to prohibit the use of their properties by friends of their children.

Two additional factors support our conclusion that a duty should not be imposed under the circumstances: (1) Robert was 14 years old at the time of the incident. He possessed extensive sports experience. He wrestled, played football and basketball at school. He suffered diverse injuries while participating in those sports. Assuming, *arguendo*, that the game of floor hockey involves serious risks to participants, we are of the opinion that a child of Robert's age and experience knows or should know those risks and avoid same. If a situation presents obvious risks which children would be expected to appreciate and avoid, there is no duty to remedy that situation. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286; *Bazos v. Chouinard* (1981), 96 Ill. App. 3d 526, 528, 421 N.E.2d 566.) (2) The Mols and Keller boys played the game of floor hockey on numerous occasions prior to the incident. The boys played the game on the Mols' property and in the street fronting the Keller residence. Robert's mother could observe the Mols' patio from her kitchen. She frequently saw the boys playing on the patio. Neither Robert's mother nor father told the boys not to play floor hockey or warned them that the game should only be played with the appropriate protective equipment. The responsibility

for a child's safety lies primarily with its parents, whose duty it is to see that his behavior does not involve danger to himself. (*Driscoll v. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 79, 219 N.E.2d 483; *Kay v. Ludwick* (1967), 87 Ill. App. 2d 114, 119.) Robert's parents observed no apparent harm in the game. We will not impose a duty upon defendants to warn of dangers which were not regarded as such by Robert's parents.

For the aforementioned reasons the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.