EDWARD BEAL, a Minor by Sadye Hicks, His Mother and Next Friend, Plaintiff-Appellant, v. FRANK KUPTCHIAN, d/b/a Fraad's AG Market, Defendant-Appellee.

Fifth District    No. 5—87—0072

Opinion filed December 29, 1987.

Murray J. Goldenhersh, of Goldenhersh & Goldenhersh, P.C., of Belleville, for appellant.

Edward J. Szewczyk, of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Edward Beal, by his mother and next friend, appeals from the summary judgment granted by the circuit court of St. Clair County in favor of defendant, Frank Kuptchian, d/b/a Fraad's AG Market. We affirm.

On the afternoon of April 12, 1985, Edward and his two sisters were walking along the walkway adjacent to defendant's store on their way to the store to purchase something. Edward, age 15 at the time, was bouncing a basketball as he walked. On one of the bounces, the basketball struck a roof overhang some nine feet above the walkway, approximately four or five inches away from a flush-mounted glass lighting fixture. The light had not been used for over 10 years, and according to Edward, had been cracked for over a month. When two pieces of glass popped out from the fixture, Edward reached up in a reflex action to catch the falling glass. One of the pieces stuck in his right arm and the other scratched the inside of his left arm. Edward was hospitalized for his injuries and subsequently had to have surgery to replace a damaged vein in his right arm.

Edward brought the instant action to recover damages occasioned by the alleged negligence of defendant in failing to repair or remove the broken lighting fixture from his store premises. The trial court allowed defendant's motion for summary judgment. Edward argues on appeal the trial court erred in so doing because there are genuine issues of material fact as to one or more of the major issues in the case. We disagree.

■■ ■ Summary judgment is properly granted when the pleadings, depositions and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*E.g.*, *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, 21; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 548, 400 N.E.2d 16, 19.) The determination that summary judgment is appropriate will not be reversed absent an abuse of the trial court's discre-

tion such that the plaintiff's right to fundamental justice is violated. *Alop*, 154 Ill. App. 3d at 484, 507 N.E.2d at 21.

In order to recover in tort for negligence, a plaintiff must show that the defendant has breached a duty of care owed to him. (*E.g., Keller v. Mols* (1984), 129 Ill. App. 3d 208, 210, 472 N.E.2d 161, 163; *Zimmerman v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1044, 462 N.E.2d 502, 504.) Whether such a duty exists under the facts of the case is a question of law to be determined by the court. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 541, 301 N.E.2d 307, 308; *Keller*, 129 Ill. App. 3d at 210, 472 N.E.2d at 163.) If no duty is found to exist, no recovery is possible as a matter of law, and summary judgment in favor of the defendant is proper. *Keller*, 129 Ill. App. 3d at 210, 472 N.E.2d at 163; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 296-97, 393 N.E.2d 725, 731.

In determining whether to impose a duty on a defendant, the court must consider the foreseeability and likelihood of the accident plus the costs and consequences of making the defendant guard against it. (*Zimmerman*, 122 Ill. App. 3d at 1047, 462 N.E.2d at 506; *Reed v. Danville Concrete Products Co.* (1981), 102 Ill. App. 3d 205, 207, 429 N.E.2d 605, 607. See also Restatement (Second) of Torts §§291, 292 (1965).) Because hindsight makes every occurrence foreseeable (*Zimmerman*, 122 Ill. App. 3d at 1047, 462 N.E.2d at 506), the trial court must look to what was apparent to the defendant at the time of his alleged negligent conduct (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 376, 308 N.E.2d 617, 619). A defendant is not expected to guard against harm from events which are not reasonably to be anticipated at all or so unlikely to occur that the risk, although recognizable, would be commonly disregarded. *Cunis*, 56 Ill. 2d at 376, 308 N.E.2d at 619. See also Restatement (Second) of Torts §§282, 284 (1965).

Here, we have a 15-year-old who, knowing that the light fixture above his head was cracked, bounced a basketball some nine feet above the ground, causing it to hit the underside of the overhang, inches away from the light. Two pieces of glass fell from the fixture and Edward reached out in an attempt to catch the falling pieces. Unfortunately, the pieces cut Edward's arms. But, the mere occurrence of this accident does not mean that it was reasonably foreseeable by defendant. (See *Cunis*, 56 Ill. 2d at 376, 308 N.E.2d at 619; *Resag v. Washington National Insurance Co.* (1980), 90 Ill. App. 3d 971, 974, 414 N.E.2d 107, 109.) The light fixture had been in the overhang for many years and had never caused a problem for anyone prior to Edward's accident. The light fixture itself was recessed, and the glass it

contained was small. It is unrealistic to impose a duty on defendant to reasonably have foreseen the unlikely events which led to Edward's injuries. (See *Resag*, 90 Ill. App. 3d at 974-75, 414 N.E.2d at 109-10; *Warchol*, 75 Ill. App. 3d at 296-97, 393 N.E.2d at 731; *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 78-79, 219 N.E.2d 483, 485-86.) Moreover, Edward certainly was old enough to realize the risks involved in bouncing a basketball high enough and hard enough to strike anything overhead. (See *Keller*, 129 Ill. App. 3d at 211, 472 N.E.2d at 163-64.) While a landowner may be under a duty to exercise ordinary care in the use and maintenance of his property (*McCann*, 80 Ill. App. 3d at 548, 400 N.E.2d at 19; see also Ill. Rev. Stat. 1985, ch. 80, par. 302), he is not an insurer of another's safety (*Driscoll*, 35 Ill. 2d at 78, 219 N.E.2d at 485).

For the aforementioned reasons, we affirm the summary judgment of the circuit court of St. Clair County in favor of defendant.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.