TY M. POELKER, a Minor, by Carl R. Poelker, *et al.*, his Parents and Next Friends, *et al.*, Plaintiffs-Appellants, v. MACON COMMUNITY UNIT SCHOOL DISTRICT NO. 5 *et al.*, Defendants-Appellees (Warrensburg-Latham Community Unit School District No. 11, Defendant).

Fourth District No. 4—90—0321

Opinion filed December 12, 1990.—Modified on denial of rehearing May 22, 1991.

Darrell F. Parish and Linda M. Castleman, both of Owen, Roberts, Parish & Castleman, Ltd., of Decatur, for appellants.

James V. Mancuso, Jr., of Decatur, for appellee Darlene Allen.

Nicholas J. Neiers, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee Macon County Unit School District No. 5.

PRESIDING JUSTICE LUND delivered the opinion of the court:

This is an appeal from summary judgments granted defendants by the circuit court of Macon County. Plaintiffs Carl and Peggy Poelker, individually and on behalf of their son Ty Poelker, contend defendants Macon Community Unit School District No. 5 (Macon) and Darlene Allen owed a duty to refrain from wilful and wanton negligence relating to the lack of proper supervision of participants at a track meet held at Macon.

Warrensburg-Latham Community Unit School District No. 11 (Warrensburg) was also joined as a defendant, but is not a party to this appeal.

### FACTS

Macon hosted a track meet with Warrensburg, in which Ty M. Poelker (Ty) was a Warrensburg participant who, prior to the commencement of the track meet, was hit with a discus thrown by an eighth-grade schoolmate during the warm-up practice. The eighth-grade classmate had never thrown the discus before, and the warm-up process was not supervised.

### I

The evidence submitted to the court at the time of the motion for summary judgment established Allen had been asked to measure the discus throws during the meet and to keep the records of the throws. She was not a school employee and had never acted in such a capacity before. She was not paid, and the facts presented in the trial court necessarily led to the conclusion that Allen was not responsible for the warm-up process. Neither Allen nor certified teachers or coaches were present at the discus throw area when the accident took place.

■■ ■ Summary judgment will be awarded if pleadings, depositions, and admissions on file, together with affidavits (if any), show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (*Bowers v. Allstate Insurance Co.* (1989), 192 Ill. App. 3d 725, 727, 549 N.E.2d 21, 22.) While a duty voluntarily undertaken must be performed with due care or with such competence and skill as the volunteer possesses (*Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 317, 412 N.E.2d 472, 474), the scope of the duty is limited by the extent of the undertaking (*Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 209-10, 399 N.E.2d 596, 599).

■■ Allen was inexperienced, never assisting in the discus competition before. She was not on staff, but was requested to measure the throws, watch for the fouls, and keep the records. There was no delegation of authority for warm-ups. The evidence before the trial court indicated the accident happened outside her undertaking, and the summary judgment granted in her favor was proper.

## II

■■ Granting the summary judgment against plaintiffs and in favor of Macon was based upon the conclusion there was no duty by Macon to supervise the discus warm-up activities. The existence of a duty of due care is a question of law which turns on foreseeability and likelihood of accident as well as the cost of prevention. (*Reed v. Danville Concrete Products Co.* (1981), 102 Ill. App. 3d 205, 207, 429 N.E.2d 605, 607.) The existence of a duty is a matter of law to be declared by the court. (*Smith v. Rengel* (1981), 97 Ill. App. 3d 204, 205, 422 N.E.2d 1146, 1147.) If no duty exists, there can be no recovery and summary judgment in defendants' favor would be proper. *Beal v. Kuptchian* (1987), 164 Ill. App. 3d 191, 193, 517 N.E.2d 712, 714.

■■ The issue now before this court concerns the existence of a duty. As we have said, in order for there to be a duty the occurrence must have been foreseeable. More than mere possibility of occurrence is required, and foreseeability alone will not create a legal duty. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233.) The relationship between defendant and plaintiff, the likelihood of injury, the magnitude of guarding against the injuries, and the consequences of placing that burden on the defendant should be considered. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140-41, 554 N.E.2d 223, 226-27.) The *Ward* opinion gives an excellent summary of the elements relevant to the question of whether a duty exists.

■ School districts are not immune from tort liability. (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 25, 163 N.E.2d 89, 96.) Because of the *in loco parentis* status, teacher liability exists only if wilful and wanton misconduct is present. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 173, 347 N.E.2d 705, 709.) A narrow exception allows liability for ordinary negligence in the supply of inadequate or unsafe equipment. *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52, 373 N.E.2d 1323, 1326.

In support of plaintiffs' response to Macon's motions for summary judgment, plaintiffs filed the affidavit of Robert Keck, given as an expert in the organization and administration of track and field meets and based on generally accepted customs and policies for the organization and administration of dual junior high school track meets in central Illinois. Keck's affidavit states, essentially, that (1) it is the duty of the host school of a dual junior high school track meet in Illinois to arrange for and furnish qualified persons to serve as officials and judges of the events, including for the supervision of warm-ups for each event; (2) there is a corollary duty of the coach of the visiting team at such a meet to oversee the safety of his own athletes to the extent that, if he sees no judges present at an event for which his athletes have reported, he should immediately see that some qualified person goes to that area to provide supervision or take such other steps as are appropriate under the circumstances to protect the safety of his athletes; (3) to knowingly allow junior high school athletes to throw discus together without qualified supervision at all times would be to disregard the known danger such athletes throwing discus present to each other; and (4) to so allow such athletes to throw a discus together without any supervision while warming up for such a competitive event would be a breach of generally accepted customs and policies applicable to the conduct of such track meets. The deposition testimony of Vickie Thomas, athletic director of Warrensburg-Latham Junior High School, was also relied on for proposition (1) above, *i.e.*, it is the duty of the host school to see to supervising events; and, further, that the judge is customarily present when the contestants in a discus event go to that area to begin warming up.

■ As stated in *Rowe v. State Bank* (1988), 125 Ill. 2d 203, 214-15, 531 N.E.2d 1358, 1363-64:

"A motion for summary judgment and its supporting documents must be construed strictly against the movant and liberally in favor of the opponent. [Citations.] The remedy of summary judgment is a drastic method of disposing of causes and should be granted only when the right of the movant is clear

and free from doubt. [Citations.]

In an action for negligence, the plaintiff must set out sufficient facts establishing the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. [Citations.] *In the absence of a showing from which the court could infer the existence of a duty*, no recovery by a plaintiff is possible as a matter of law and *summary judgment in favor of defendant is proper.* Whether under the facts of a case there is a relationship between the parties as to require that a legal obligation be imposed upon one for the benefit of another is a question of law to be determined by the court. *Pelham v. Griesheimer* (1980), 92 Ill. 2d 13, 18-19[, 440 N.E.2d 96, 98]; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26[, 305 N.E.2d 535, 538]." (Emphasis added.)

We conclude that Keck's affidavit and Thomas' deposition testimony support the inference that Macon had a duty; and Keck's affidavit further supports the inference that, upon breach of that duty, injuries were foreseeable.

 In its petition for rehearing, Macon argues Keck's affidavit may not properly be relied upon by this court because, at the hearing on its motion below, Macon orally moved to strike this affidavit on the grounds that (1) it did not comply with Supreme Court Rule 191 (see 134 Ill. 2d R. 191), and (2) the subject matter sought to be shown was not the type requiring or permitting expert testimony. Macon states that the trial court granted its motion for summary judgment without ruling on its motion to strike.

Macon does not cite any portion of the 18-volume record to support its assertion that it made such an oral motion to strike the affidavit. The entries on the docket sheets make no reference thereto, and no bystander's report of any hearing has been filed. (See 134 Ill. 2d R. 323(c).) In any event, Macon acknowledges in the petition for rehearing that it did not obtain a ruling on this oral motion. We conclude any objection to the affidavit was thereby waived.

 Macon's petition for rehearing also contends this court failed to apply the proper standard of review in that the trial court's grant of summary judgment should not be reversed absent an abuse of discretion such that the plaintiff's right to fundamental justice has been violated. This argument is without merit and incorrectly states the standard of review on the question of whether a legal duty exists. For purposes of summary judgment, whether a defendant had a duty is a question of law, to be determined in the first instance by the trial

court. The standard of review of this question, however, is whether the trial court's ruling was *proper*, essentially a *de novo* review.

We note the injured boy was a sixth grader, and another junior high school boy threw the discus. Considering the ages of the participants and the type of event, foreseeability of injury exists. We see no great burden by placing a supervisory responsibility upon the host school when considering the serious consequences of the possible accidents. We conclude that the hazardous nature of discus throwing by junior-high students requires supervision at warm-ups as well as the meet events. The trial court erred in entering summary judgment in Macon's favor.

Affirmed in part; reversed and remanded in part.

GREEN and McCULLOUGH, JJ., concur.