(No. 76-CC-2491—

WILLIAM ROY LAMASTERS, JR., Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1981.*

HARLAN HELLER, LTD. (BRENT D. HOLMES, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

Claimant pursues this claim for personal injuries sustained by him on October 30, 1975, while he was an inmate at the Illinois State Penal Farm at Vandalia, Illinois.

On October 30, 1975, the Claimant was working in a kitchen at the penal farm at the request of agents, servants and employees of the Department of Corrections. On that date, Claimant was involved in the preparation of instant mashed potatoes and was required to carry a three-gallon pot of hot milk and butter from one location in the kitchen to another. Claimant alleges that through the negligent fault of Respondent, Claimant was caused to fall and suffer serious burns on his body, for which he now seeks remuneration.

Claimant testified that he and two other inmates were cooking at the institution on the day in question. Claimant testified that some mashed potatoes had fallen on a grate which runs in front of the vats where mashed potatoes are prepared. The grate was 18 inches wide and ran all along in front of the vat in the kitchen. Claimant testified that he slipped on the mashed potatoes that had fallen on the grate and the hot milk and butter burned him. The burning resulted in scarring on his right hip and on his back and side. Claimant testified that he suffered considerable pain and discomfort as a result of his injury. Prior to the accident, Claimant had been cooking in the kitchen approximately six months. Although Claimant admitted that he was the one that was making the potatoes in the area where the slippery grate was located, he did not know that there was a slippery condition on the grate. Claimant testified as follows:

"I seen the potatoes on the grate, the ones on the tile I did not see, which tripped me, and I slipped the rest of the way."

Claimant testified that the floor in the kitchen was "always wet." Sometimes the floor in the kitchen was wet at the time the inmates arrived to prepare the meal. Claimant further testified that sometimes the floor was dry, "but, not really dry" and that it was impossible to cook a meal without making the floor wet.

Claimant knew that it was dangerous around the vats. Claimant testified "oh, yeah, everybody knew it was dangerous around the vats." Claimant knew that it was dangerous before this incident. Claimant did not know how the mashed potatoes got on the floor.

Claimant argues that the State may be held liable for injuries to an inmate in a State correctional center when injuries are caused by the negligence of the officers, agents, or employees of the State. (*Moore v. State* (1951), 21 Ill. Ct. Cl. 282). Claimant continues that it is undisputed that his injuries were caused by slipping on a foreign substance "of unknown origin" on the kitchen floor. However, Claimant testified on more than one occasion that he knew that the floor in the kitchen was slippery and in fact had seen mashed potatoes in an area immediately adjacent to where he slipped and fell. Claimant had notice of a dangerous condition that existed in front of the vats where he fell and was injured. Claimant argues, however, that "the mere fact that Claimant knew that he was working in a dangerous area does not render his actions to be contributory negligence." We do not agree.

Claimant was aware of the slippery condition on the floor and was aware of the presence of mashed potatoes on the floor in the area where Claimant was required to walk. Claimant's uncontroverted testimony is that he slipped on mashed potatoes in an area immediately adjacent to an area where he had noticed mashed potatoes on the floor. Claimant cannot avoid the responsibility of showing due care for his own actions in prosecuting this case against the State of Illinois. Claimant has failed to show due care and his claim must therefore be denied.

It is therefore ordered that Claimant's claim be denied.