(No. 80-CC-1031—)

NICK MAVRAGANIS and YPAPANTI MAVRAGANIS, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1984.*

CHARLES M. PALLARDY, LTD., for Claimants.

NEIL F. HARTIGAN, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is an action by Claimants for injuries resulting from a one car accident which occurred on January 3, 1979, on the Stevenson Expressway (I-55) at approximately 2500 West in Chicago. Claimant, Nick Mavra-

ganis, was the driver of the vehicle and Claimant, Ypapanti Mavraganis, was a passenger.

It was testified at the hearing and it is commonly known that the 1978-1979 winter was among the most severe in Chicago's history. During the week prior to this accident some 14 or 15 inches of snow fell on the Chicago area. The snow was accompanied by many days of extremely cold temperature and high winds. For at least three to four days prior to the accident, State crews were plowing the highways 24 hours per day. The wind continually drifted snow back upon the roadways. Some of the members of the highway crews became disabled as a result of frostbite. The weather conditions were severe enough that the highway department had radio and television announcements warning people to stay home except for emergencies.

The section of the expressway involved is elevated about 60 feet above the ground. It consists of travel lanes, a shoulder, a 12-inch-high hub guard followed by a narrow walkway which is bordered by a three-foot-high crash wall or parapet. The snow plows do not remove snow. They push the snow to the side; in this case, onto the shoulder and against the crash wall. The snow formed a bank against the crash wall. The snow could not be removed except by picking it up and carrying it away but the State had no equipment for such an operation, and such equipment which, according to the State's safety engineer, was never needed in the last 23 years except for the unusual winters of 1966-1967 and 1978-1979.

On the date of the accident at about 4:00 a.m., Claimant, Nick Mavraganis, was driving his car from his home to his place of employment. His wife, Claimant Ypapanti Mavraganis, was riding in the front passenger

seat. He proceeded east on the Stevenson Expressway at about 25 m.p.h. He was familiar with this section of the expressway having travelled it for two years on his way to work. He had actually travelled it the day before under similar driving conditions as on the date of the accident. The general driving conditions were icy, although the middle lane was somewhat better than the other lanes. Snow was piled up on the shoulders up to the height of the crash wall. The temperature was below zero. As he passed California Avenue, going east, the roadway started a decline. He noticed ice "like a lake". He started applying his brakes but the car accelerated and he lost control of his car. The car skidded, and next thing Claimant knew he was "flying somewhere in the air" and his automobile landed on the ground 60 feet below.

As a result of the accident, Claimant Nick Mavraganis suffered a rupture of his diaphragm, a diaphragmatic hernia and tear, a fracture of his right shoulder, and other injuries. He underwent a left closed thoracostomy surgery. His hospital and doctor bills totalled $19,477.81. His lost wages totalled $28,490.00. In order to walk he was required to use a walker until August 1979 and he still uses a cane.

Claimant, Ypapanti Mavraganis, suffered a fractured left arm and contusions and abrasions over all of her body. Her hospital and doctor bills totalled $2,356.80 and she lost wages in the amount of $4,488.00.

Claimants contend that, from the circumstances, it was apparent that Claimants' auto skidded into the crash wall, and because the snow was piled there, Claimants' auto was caused to be catapulted over the wall into the air. Claimants contend that the State was negligent in failing to close Stevenson Expressway to all traffic when

it became apparent that the State was unable to properly maintain the highway due to weather conditions or to post signs warning of the dangerous conditions of which it obviously had actual notice.

This Court does not agree with these contentions. The accident in question was not the proximate result of the piling of snow against the crash wall. On the contrary, it was the proximate result of generally icy weather conditions and the speed of Claimants' vehicle. The evidence showed that the State did everything possible to keep its highways free of snow and ice. The State is not held to a standard which requires that, at all times, it must keep its highways totally free from ice and snow, but merely that it use all reasonable means to do so. This Court is satisfied from the evidence that the State, working its plows and crews 24 hours a day for days on end did all that it was reasonably required to do.

According to the implications of the testimony, the speed at which Claimants were travelling, *i.e.*, 25 m.p.h., was too fast for the conditions then and there prevailing. Had the snow not been piled against the crash wall, there might very well have been a collision between Claimants' car and the crash wall itself resulting in possible injuries. Thus, while the piling of the snow against the crash wall might have accentuated the injuries, it did not cause them.

Nor is there any authority to the effect that the State is required to close a highway due to generally icy and snowy conditions. To require this would be to require the State to close all highways during such conditions. This Court should not place such a burden on the State.

To hold for the Claimants in this case would subject the State to liability for almost every accident caused at least partially by icy road conditions. This Court should

not do so. Claimants contend that the doctrine of *res ipsa loquitur* applies in this case, claiming that inasmuch as the highway was under the sole management and charge of the State and that an accident happened, which in the ordinary course of things does not happen if those who have management thereof use proper care, it affords reasonable evidence, in the absence of explanation by the Claimants, that the accident arose from want of proper care. The Court does not agree that the doctrine applies in this case. While the State did have sole management and charge of the highway, it did not have management and charge of the Claimants' automobile. Thus one of the prime elements of the doctrine is not present in this case.

In addition, the State contends that Claimant, Nick Mavraganis, was guilty of contributory negligence. Although 25 m.p.h. is generally slow in traversing a highway, it is obvious that Claimant was going at a speed at which he could not control his vehicle under the icy conditions prevailing. He also knew of the generally icy conditions having travelled the same highway the previous day. The burden of proving due care on the part of the Claimant is on the Claimant. Claimant did not introduce any evidence which met this burden.

Claimant contends that the doctrine of comparative negligence should apply. The doctrine of comparative negligence came into effect in Illinois as of June 1, 1981. Since the trial of this case commenced and proofs were closed on May 12, 1981, the doctrine of comparative negligence does not here apply.

For the above reasons, this claim is hereby denied.