BETTY CHAMPS, Indiv. and as Special Adm'r of the Estate of "Baby Champs," Deceased, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—2702

Opinion filed March 4, 1986.

Charles Kraut, Ltd., of Chicago, for appellant.

Orner, Wasserman & Moore, Ltd., of Chicago (Esther Joy Schwartz, of counsel), for appellee Chicago Housing Authority.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, of counsel), for appellee Westinghouse Electric Corporation.

JUSTICE O'CONNOR delivered the opinion of the court:

This interlocutory appeal arises out of the dismissal with prejudice of four counts of the second amended complaint filed by plaintiff, Betty Champs, on her own behalf and on behalf of her still-born child. Plaintiff sought to recover damages for a miscarriage allegedly suffered when she was forced to walk down 14 flights of stairs due to the inoperativeness of the building's elevators. The dismissed counts were directed against defendants, Chicago Housing Authority (CHA) and the elevator division of Westinghouse Electric Corporation (Westinghouse) and sounded in negligence and wrongful death.

Plaintiff's second amended complaint alleged that she lived on the 14th floor of one of the CHA's high-rise housing projects located at 1847 West Lake Street, Chicago. The building contained two elevators, one of which serviced the odd-numbered floors and one which serviced the even-numbered floors. The elevators were serviced by Westinghouse pursuant to a service contract with the CHA. Plaintiff's complaint alleged a pattern of intermittent elevator service at the building.

Plaintiff was about seven months pregnant when, on August 1, 1982, she commenced vaginal bleeding while in her apartment. At that time, the elevators allegedly had been inoperative for at least two days despite numerous complaints. Plaintiff called the Chicago fire department and requested an ambulance. When the paramedics arrived, they remained in their ambulance and did not assist plaintiff down the stairs. Plaintiff then walked down the 14 flights of stairs to the ambulance. She subsequently suffered a miscarriage and delivered a still-born child.

Plaintiff filed the instant personal injury and wrongful death action against the CHA, Westinghouse, the city of Chicago, and the individual paramedics who failed to assist her. After various amendments, the trial court granted motions by defendants, CHA and Wes-

tinghouse, to dismiss plaintiff's second amended counts II, IV, V and VI for failure to state a cause of action. Plaintiff now appeals. The other counts in plaintiff's second amended complaint are not involved in this appeal.

In determining whether allegations state a cause of action, all well-pleaded facts are taken as true. (*Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 378, 456 N.E.2d 635.) "A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." *Resag v. Washington National Insurance Co.* (1980), 90 Ill. App. 3d 971, 973, 414 N.E.2d 107.

Plaintiff's principal allegation is that defendants owed a duty to maintain the elevators in a reasonably continuous safe operative condition so that tenants and others would not have to walk to and from apartments on the upper floors of the building.

■■ The question of the existence of a legal duty is a question of law to be determined by the trial court. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535.) If no duty is alleged, plaintiff's complaint is properly dismissed. *Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 969, 344 N.E.2d 536.

■■ Plaintiff contends that if elevators are inoperative in a highrise building, it is foreseeable that people will have to use the stairs and will be injured thereby. However, the existence of a legal duty is not dependent on foreseeability alone but includes consideration of public policy and social requirements. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 375, 308 N.E.2d 617; *Ortiz v. City of Chicago* (1979), 79 Ill. App. 3d 902, 907, 398 N.E.2d 1007.) Aside from foreseeability, the court must also consider: the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231.) Even if we assume, *arguendo*, that the risk of injury was foreseeable by defendants, the imposition of a legal duty is not justified in this case.

The fact that people will have to use the stairs when elevators are inoperative does not necessarily create an unreasonable risk of injury. The duty plaintiff asserts would impose liability on those responsible for elevator service, not merely for injuries caused by the elevator system itself, but for any and all injuries suffered by anyone entering or exiting the building while the elevators are inoperative for an "unreasonably" long period of time. The burdens of guarding against such injuries would be very great. To avoid liability, defendants would

have to provide near continuous elevator service and repair elevators immediately upon notice of breakdown, regardless of whether the break in service is due to unavailability of spare parts, vandalism, or mere mechanical failure. The consequence of such a duty would be that defendants would either have to increase greatly the monitoring and servicing of the elevators (which would be an undue economic burden on defendants) or provide no elevator service at all.

No case or authority has been cited which supports the imposition of a duty of this magnitude. We cannot say that those responsible for providing elevator service in high-rise buildings may never have a duty of care with respect to nonpassengers of the elevators. In the context of this case, however, we merely hold that the four dismissed counts of plaintiff's second amended complaint failed to state a cause of action against defendants, CHA and Westinghouse, and were properly dismissed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.