(No. 84-CC-0510—

SARA L. GILLMORE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1986.*

*Order on motion for rehearing filed August 5, 1987.*

GREENBERG, JANSSEN & BECKER (JAY H. JANSSEN, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This matter arises out of an accident which occurred on June 10, 1983, at approximately 10:00 a.m. The accident occurred at premises leased and maintained by the State of Illinois, located at 1301 Concordia Court, Springfield, Sangamon County, Illinois. These premises are leased and operated by the Illinois Department of Corrections as a training school for prison guards.

On the day in question, Sara L. Gillmore, the Claimant, was on the premises as an invitee to attend the graduation ceremony of the prison academy training center. While walking between buildings, the Claimant

fell to the ground and received substantial injuries. Upon a careful review of the transcript and the testimony adduced at the hearing by all of the witnesses for both the Claimant and the Respondent, we feel that the Claimant has not met her burden of proof by a preponderance of the evidence that she fell due to a defective sidewalk, or a sidewalk which was not reasonably safe for foot traffic. We have reviewed the evidence, looked at the photo which was admitted as evidence, and carefully examined the testimony of witnesses Shirley Ongman and John G. Smith. We find their testimony to be particularly persuasive as it applies to the failure of the Claimant to meet her burden of proof. Witness Shirley Ongman indicated that the Claimant fell when her foot hit the edge of the sidewalk. Witness John G. Smith was in charge of maintenance at the facility on the date of the accident. He testified that the drop-off between the sidewalk and the ground was approximately one inch (1″).

It is clear that the State is not an insurer required to pay for all accidents that occur on its property. It is only the duty of the State to maintain the sidewalks with reasonable care and to make them reasonably safe. In this case, the Claimant not only failed to show that the sidewalk was defective, but she further failed to show that the accident even occurred as a result of stumbling on the sidewalk. She may well have stumbled on the gap between the sidewalk and the ground. In addition, the testimony adduced at the hearing clearly established that the range of the gap, or unevenness of the concrete, was only one inch to one inch-and-a-half (1″-1½″). The Claimant simply failed to prove that the sidewalk was defective, and has further failed to prove by a preponderance of the evidence that the sidewalk was the actual cause of the injury.

Therefore, for all the reasons stated above, the claim of Sara L. Gillmore is denied.

## ORDER ON REHEARING

PATCHETT, J.

This cause comes on for hearing upon the motion for rehearing filed herein by the Claimant. An opinion was filed in this Court on March 14, 1986, finding for the Respondent. Subsequently, the Claimant, through her attorney, filed for a rehearing. A rehearing was granted, and oral argument was heard before the entire Court.

The motion for rehearing and oral argument raised few, if any, new issues. The Claimant argued that the physical condition of the Claimant should be taken into consideration when establishing the standard of care owed by the Respondent to the Claimant. The Claimant cited no authority for this proposition.

We find that the old legal maxim "the Defendants take the Plaintiffs as they find them," applies to damages, and not the standard of care. We think that the State owed the same standard of reasonable care to this Claimant as it owed to the other people present on the premises on the day the accident occurred. Therefore, we enter this order reaffirming our earlier opinion finding for the Respondent and against the Claimant.