(No. 86-CC-0845-

JOHN D. THOMAS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 19, 1987.*

JOHN D. THOMAS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

In this case Claimant, an inmate in the custody of the Illinois Department of Corrections at Menard

Correctional Center, seeks damages in the sum of $75,000.00 for bodily injuries sustained by Claimant on June 14, 1985. Claimant alleges he was taking a shower and sustained bodily injury to his right hand (middle finger) due to an unclean shower stall. An unprotected ventilation fan at the rear of the shower stall lacerated his middle finger in two places when he endeavored to protect himself from a fall caused by accumulated soap and debris on the shower floor.

Claimant testified that on June 14, 1985, he was drying off after taking a shower while residing in the East cell house. There was soap debris on the floor (T10). Claimant slipped and fell backwards and in an attempt to catch himself his hand hit the edge of a ventilator fan which lacerated the middle finger on his right hand (T10). Claimant demonstrated scars on the middle finger of his right hand (T11). Claimant was afforded medical treatment (T11). The cuts became infected (T12) but are now healed (T12, 13). Claimant has a knot on his finger that hurts painfully when hit. The finger will not bend all the way to touch the palm of Claimant's hand (T13).

The fan involved in Claimant's alleged injury was said to be approximately two-feet square with metal blades. The fan is designed to blow steam from the building outside of the cell house (T14). Claimant testified there was no screen covering the fan (T14). A screen was installed over the fan after Claimant's injury (T16). Claimant's testimony was corroborated by inmates Dennis Jones (T46), Eugene Tillman (T53), and James Simmons (T57).

Although the departmental report filed by Respondent pursuant to Rule 14 materially contradicts the evi-

dence adduced on behalf of Claimant, the clear and substantially uniform testimony at the hearing in this cause establishes that an unprotected ventilation fan caused injury to Claimant's right middle finger in the shower of the East cell house on the date in question. Further, it appears virtually uncontradicted that the cause of the injury was a combination of a slippery floor and an unprotected ventilation fan. The evidence adduced by the Respondent, to the effect that the fan was screened, related to points in time many months subsequent to Claimant's injury. Furthermore, Claimant's evidence tended to support the view that subsequent to Claimant's injury a screen or protection was placed over the fan. Respondent's departmental report suggests that the fan was not operative but fails to cover the period during which Claimant sustained injury.

This Court has repeatedly held that the State of Illinois owes a duty to inmates of its penal institutions to provide them with reasonably safe conditions. (*Reddock v. State*, 32 Ill. Ct. Cl. 611; see also *LaMasters v. State*, 35 Ill. Ct. Cl. 90, 92.) However, not every slip and fall injury is compensable. See *LaMasters, supra*.

In the case at bar, the record compels the conclusion that the State operated an exhaust fan in the shower area of the East cell house at a level where an individual attempting to dry himself could lose his balance and be injured by the fan. We are led to the conclusion that this is negligence and that this condition existed as Claimant and his witnesses testified. Respondent's negligence was a proximate cause of the injury to the Claimant.

There can be little question that the injury to the middle finger on Claimant's right hand is permanent.

Claimant demonstrated that he was unable to close the finger so as to touch the palm of his right hand and scars were plainly visible. Claimant's complaint that inadequate medical attention was given to the wounds that Claimant sustained is not supported by the record since there is no evidence of the standard of care required to give appropriate medical attention to wounds such as those received by Claimant in the case at bar. Yet, there is no room for doubt that Claimant sustained an injury as a direct and proximate result of the negligence of Respondent.

Accordingly, it is the opinion of this Court that the Claimant be awarded the sum of $1,500.00 to be reduced by the comparative fault of Claimant in losing his balance on a surface known by Claimant to be slippery by 50% for a net award of $750.00.