(No. 82-CC-1619–

EMMIT WILSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 30, 1989.*

MARK D. HASSAKIS, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

Montana, J.

This is an action for wrongful death against the State of Illinois pursuant to section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(d)). The complaint alleges that Steven L. Hayes was killed in a one-car accident because the State failed to properly maintain the right-of-way along the shoulder of Illinois Route 37 and because the State failed to properly maintain the roadway surface of Route 37 itself. Claimant is the administrator of the estate of the decedent.

On October 22, 1979, decedent was riding as a passenger in an automobile being driven by Nedra Hayes, decedent's mother. Decedent was seated in the right rear seat of the automobile. The only other occupant of the vehicle was Debra Little, who was a passenger in the right front seat. The car was proceeding south on Route 37 in the rural part of Fayette County. The automobile suddenly left the pavement and struck a tree on the east side of the roadway about 15 feet from the east edge of the paved portion of the roadway. Nedra Hayes, the driver, and Steven Hayes, the rear seat

passenger, were killed in the collision; Debra Little, the front seat passenger, survived.

Claimant has brought this claim to recover for the benefit of Amanda Hayes, the infant daughter of decedent, pursuant to section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 2). Decedent left no surviving spouse and the infant child Amanda was his only next-of-kin.

On the date of the accident Nedra Hayes was driving decedent and Debra Little from Effingham to Mt. Vernon. They had left Effingham some time shortly after noon. The weather was rainy and the pavement wet. Debra Little, the only eyewitness, testified that in her opinion the automobile was being driven safely by Nedra Hayes. She had no opinion as to the speed of travel along the roadway. She gave a written statement before trial that she noticed there had been water on the roadway in several places before the accident. She testified at trial that suddenly it felt like the car hit water and started to slide. There was no time to brake or change direction before the car hit the tree. The witness' testimony was that the collision occurred "in a split second" from the time the automobile began to slide.

The physical evidence at trial was that the accident occurred on a long uphill grade on Route 37. The hill begins at a creek bed at the base of the hill, and the road ascends in a southward direction. The roadway at that point is two-lane concrete with concrete gutters on the edge of the main traveled portion. There is no separate shoulder. About 120 feet north of the tree, on the west side of the roadway, a private driveway enters the roadway from a fairly steep decline down onto the roadway. At least a portion of this driveway is dirt and gravel.

Clarence DePoister, an employee of the Illinois department of highways, was operating a State truck along Route 37 and came upon the accident about 15 to 30 minutes after it had occurred and after the State police had arrived. He testified that he did not see any water over the highway at that time, nor did he see any debris in the gutter on the side of the roadway. The investigating State trooper described the scene in a similar fashion.

DePoister also testified that before he reached the accident scene, the rain had been so heavy that he had been forced to stop his truck and wait until it let up.

Finally, DePoister testified that he had driven that section of Route 37 on many occasions and was very familiar with the roadways. He had in the past seen water flow in such large volume in the gutters down the hill that the water overflowed the roadway because the gutters could not handle the volume. There were no signs on the highway to warn motorists of this intermittent condition. This situation was verified by a witness who had resided in the area for a long time.

Claimant introduced into evidence photographs taken about four years before the accident by the highway department which showed the scene and also showed the driveway coming in from the west side down the side slope. Photographs taken several years after the accident showed the same driveway. In each set of photographs there is shown gravel and dirt completely across the gutter on the west side of the roadway, which is adjacent to the southbound lane. Several witnesses from the highway department testified that the condition in the photographs depicts excess debris in the gutter and is a condition which should be manually cleaned by State highway maintenance crews whenever found.

Claimant also introduced evidence as to the standards for clearance of trees from the right-of-way along the side of the roadway. Although there was some disagreement as to the correct standard to be applied, the evidence was clear that the standard recommended on Route 37 in Fayette County, taking into consideration the average daily traffic count at the accident scene, was a clearance of 10 feet off the edge of the roadway.

Claimant also introduced evidence that, within two months after the accident, the tree in question was cut down by the highway department. No explanation as to the reason for its removal was given by either party.

Claimant's arguments as to the State's liability are founded upon the premises that the State was negligent in not keeping the gutters clean along the sides of Route 37 so that debris collected in the gutters and caused the rainwater to overflow the traveled portion of the highway, and the State was negligent in not removing the tree from the area within 15 feet of the edge of the roadway because it constituted a hazard for vehicles which may leave the roadway.

In regard to the first premise, there is no evidence that any debris caused water to overflow the main traveled portion of Route 37 so as to cause the car in which the deceased was riding to leave the highway. The only occurrence witness, Debra Little, could not testify as to why the driver lost control. Evidence of debris clogging the gutter on the date of the accident is absent—the investigating police officer and DePoister both testified they saw no such debris. Claimant's attempt to use the driveway on the west side of Route 37 as the source of debris fails because pictures of that area showing debris are too far removed in time to be conclusive and because the accident occurred after the

vehicle had passed the opening to the driveway. Claimant's further argument that there is sufficient evidence to support a *res ipsa loquitur* theory of liability lacks the essential element of control of the vehicle by the State. *Mavraganis v. State* (1984), 36 Ill. Ct. Cl. 153.

Claimant's second premise fails because the evidence shows that the standards introduced into evidence recommend a 10-foot clearance zone in the area of Route 37 where the accident occurred. Since the tree was 15 feet from the edge of the roadway, the standard does not apply to that tree. The State was within compliance of recommended standards. There is no duty upon the State to clear every possible source of injury from areas in the more remote proximity of the roadway. A legal duty requires more than the possibility of occurrence, and the State, like any other person, is charged with such a duty only when harm is legally foreseeable. (*Cunis v. Brennan* (1974), 56 Ill.2d 372, 308 N.E.2d 617; *Beal v. Kuptchian* (1987), 164 Ill. App. 3d 191, 517 N.E.2d 712; *Champs v. Chicago Housing Authority* (1986), 141 Ill. App. 3d 881, 491 N.E.2d 20.) The issues of "foreseeability" and "duty" involve a myriad of factors, including the magnitude of the risk involved, the burden of requiring the State to guard against the risk, and the consequences of placing such a burden on the State. (*Nelson v. Commonwealth Edison* (1984), 124 Ill. App. 3d 655, 465 N.E.2d 513.) It is the finding of this Court that a consideration of all these factors leads to the conclusion that the State had no legal duty to remove the tree in question before the accident. (*Coleman v. Windy City Balloon Port* (1987), 160 Ill. App. 3d 408, 513 N.E.2d 506; *Newby v. Lake Zurich Community Unit District 95* (1985), 136 Ill. App. 3d 92, 482 N.E.2d 1061.) The fact that removal occurred after the accident, for unknown reasons, is not evidence of

negligence. *Davis v. International Harvester* (1988), 167 Ill. App. 3d 814, 521 N.E.2d 1982.

For the foregoing reasons, it is hereby ordered that this claim be, and hereby is, denied.