(No. 86-CC-0333–

Douglas Coley, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed September 24, 1991.*

Corbett & Matthews, for Claimant.

ROLAND W. BURRIS, Attorney General (JAN SCHAF-FRICK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

The Claimant, Douglas Coley, was an inmate of the Vandalia Correctional Center on February 27, 1984. He had been an inmate at Vandalia for approximately two months as of that date and lived in the I dormitory along with 75 other inmates. It was the practice at Vandalia that those inmates who wanted breakfast would leave the I dormitory and proceed outside to the hall where breakfast was served, then return to the dormitory prior to going to their work assignments for the day. On the date in question, Douglas Coley along with approximately 25 other inmates left the I dormitory, had breakfast, and then returned to the I dormitory. On this particular day there was snow falling outside. Upon returning to the I dormitory, the inmates were required to walk through the bathroom in order to get to the bunk

area where they would stay until leaving for their work assignment. While walking by the sinks, the Claimant slipped and fell, landing on his left arm resulting in a fracture of the radial bone. The Claimant seeks to hold the State of Illinois responsible for this fall claiming that he was caused to fall as a result of the negligence of the institutional employees.

The Claimant and the State essentially agree that in order for the inmates to return from the outside they had to follow a particular path. This path led them through a salleyport area which entered into the front of a dayroom. From that room, they were required to go through one entrance into the bathroom area and then into the bunk area. For security purposes, the correctional officers closed an additional door which led through the front room to the bathroom area. On this date, the inmates who had not gone to breakfast were in the bathroom area washing up before going to their job assignments. The Claimant was injured while walking through the bathroom, and testified that there was water accumulated on the floor that he saw after his fall. It is unclear from the evidence as to whether the Claimant fell from an accumulation of water in the bathroom or from moisture which had been brought in by the inmates who had come back from breakfast, or a combination of those factors.

In addition to the testimony of the Claimant, the Respondent provided testimony through Mr. Riegel, assistant warden for programs, at Vandalia and Mr. Meisner, a correctional officer on duty at the time of the occurrence. These two individuals testified as to what the general policies are regarding precautions taken during inclement weather conditions and practices utilized in that particular dormitory to avoid the accumulation of moisture on the floor. From their

testimony, it is unclear as to whether or not there were any specific rugs or other items utilized at the front door to prevent the snow from being brought into the dormitory on this date.

The State relies on the case of *Duble v. State* (1967), 26 Ill. Ct. Cl. 87, wherein a claimant who was injured because of moisture on the floor in a Secretary of State licensing facility was denied compensation because the Court found the moisture had accumulated as a result of weather conditions and was a risk the claimant assumed. The case at bar, however, is distinguishable from *Duble* in certain respects. First of all, the claimant in *Duble* voluntarily chose to enter the facility and assumed whatever normal risks were present. In this case, the Claimant, a prisoner in a correctional facility, had no choice but to walk through the area where the walking surface was slippery. The Claimant was not making any decisions about where he could or could not walk. Those decisions had been made for him by the people in the Department of Corrections. Secondly, the *Duble* case was decided before the implementation of comparative negligence in the State of Illinois.

This Court finds that the failure of the correctional institution to prevent moisture from coming in from the outside, combined with the requirement that the inmates walk through the area where common sense would dictate moisture would accumulate as a result of other inmates washing, created a foreseeable hazardous condition which constituted negligence on the part of the correctional institution. However, the Claimant's failure to be aware of these conditions and conduct himself accordingly is contributory negligence on his part and, therefore, will reduce his award accordingly.

The Claimant suffered a fracture of the radial bone in his left arm which, according to both of the doctors' reports submitted, resulted in a slight loss of motion and a permanent injury. After evaluating the pain, suffering, and disability which entitled the Claimant to compensation, it is the finding of this Court that a total value be placed on the Claimant's injury of $20,000.00, but that such shall be reduced by 75% as a result of the Claimant's own contributory negligence.

The Claimant's injury occurred after the Illinois Supreme Court's decision of *Alvis v. Ribar* (1981), 85 Ill. 2d 1, but before the effective date, November 25, 1986, of the statutory limitations of awards for those claimants who were more than 50% negligent. (Ill. Rev. Stat., ch. 110, pars. 2—1116, 2—1107.1.) The Claimant in the present case is able to recover even though he was more than 50% negligent. Therefore, it is ordered that the Claimant be awarded the sum of $5,000.00 as a result of the injury he suffered on February 27, 1984.