(No. 84-CC-2828—

RAFAEL GONZALEZ, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1992.*

JORDAN TEPLITZ, LTD. (JOEL M. BELL, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

OPINION

FREDERICK, J.

Claimant brought this action against the State of Illinois for injuries suffered as a result of a stabbing incident which took place on April 19, 1982, in the office of the Illinois Department of Public Aid located at 412 N. Milwaukee Avenue in Chicago, Illinois. On that date, Mr. Gonzalez was waiting to be processed by the employees of the State when an individual by the name of Irving Jordan stabbed him in the stomach and arm. The cause was tried by the commissioner assigned to the case.

Mr. Gonzalez testified that he had been on the premises for some time when he noticed an unknown individual having a disagreement with the security guard on the premises. The unknown person was Irving Jordan. The State of Illinois, according to the evidence, contracts for private security guards to maintain order on the premises of the Department of Public Aid. The Claimant does not know whether or not the assailant was on the scene at the time Claimant first arrived, but he noticed him at approximately 10:00 or 10:30 a.m. Claimant characterized Mr. Jordan's behavior as being somewhat crazy, but there was no indication that Mr. Jordan was doing anything other than talking. About one-half hour after the security guard talked to Mr. Jordan, Mr. Jordan appeared immediately in front of the Claimant and took out a knife and simply started stabbing Mr. Gonzalez. He stabbed Claimant in the chest, thigh and hand. At that point, people started yelling, the security guard came running over, pulled his gun and forced Mr. Jordan to drop the knife. There is no evidence that anyone on the premises, including the employees of the State or

the security guards, had knowledge that Mr. Jordan had a knife or any type of weapon during the time he was on the premises.

The State called two witnesses, Eugene Gersch and Kenneth Meyr. Mr. Gersch is an employee of the Department of Public Aid and he was essentially in charge of the 100 or so employees who were at the Milwaukee office on that day. He testified to the routine used for the security guard to bring unruly customers to his office. Whatever problems Mr. Jordan had had with the security guard did not cause the guard sufficient reason to bring Mr. Jordan to see Mr. Gersch. Mr. Meyr has been an eligibility assistance worker for 17 years. He noticed a commotion and saw people moving quickly. He observed the guard with his gun pointed towards the gentleman with the knife. He did not observe anything in the office unusual prior to Claimant being stabbed.

The State of Illinois has a duty to maintain its premises under its control in a reasonably safe condition for persons who are legitimately on those premises. (*Owens v. State* (1989), 41 Ill. Ct. Cl. 109.) The Claimant was legitimately on the State's premises and the State owed him a duty to maintain the premises in a reasonably safe condition. However, a legal duty requires more than the mere possibility of an occurrence and the State is charged with a duty only when the harm is legally foreseeable. *Wilson v. State* (1989), 41 Ill. Ct. Cl. 50.

The issues of foreseeability and duty involve a myriad of factors. It is the finding of this Court in reviewing those factors that the State had no legal duty to Claimant in regard to the unforeseen actions of the assailant in this case.

The State is not an insurer of all accidents or injuries that occur on its premises. *Gillmore v. State* (1987), 40 Ill. Ct. Cl. 85; *Berger v. State* (1988), 40 Ill. Ct. Cl. 120.

The Claimant has failed to prove that the State breached a legal duty owed to Claimant. Under the "public duty" rule, a police officer's duty to enforce the law is a duty owed to the public generally and not to specific persons. A police officer is generally not liable when he fails to do his duty in enforcing a law. However, under the facts of this case, we find there was no duty to arrest or remove Mr. Jordan from the premises prior to the attack on Claimant.

For the reasons heretofore stated, it is the decision of the Court that this claim be and hereby is denied.