(No. 91-CC-1047-■■■■■■)

STEVEN KARRY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1992.*

STEVEN KARRY, *pro se,* for Claimant.

ROLAND W. BURRIS, Attorney General ("KAY" CHRISTINE M. GIACOMINI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

The Claimant brings this claim for personal injuries he alleges he received as a prisoner in the Illinois Department of Corrections. The Claimant alleges that on June 14, 1990, water flooded his cell and hallway outside his cell and that he slipped on the wet floor and injured himself. He also alleges the prison medical staff was negligent in the treatment of his injuries. Further, he claims a denial of due process in that the Court refused him appointed counsel.

In February 1990, the Claimant was incarcerated at the Centralia Correctional Center. He was placed in a cell next to a shower. The shower curtain was at least a foot above the floor, so water from the shower came out into the wing of the prison. The porters would mop up the water periodically. The Claimant complained and requested his cell be changed. The Claimant then was moved to a different cell but it, too, was next to a shower. He encountered the same water problem.

The Claimant testified that on June 14, 1990, he was returning to his cell from his GED class. As he walked into the corridor of his wing, he found water on the floor. He went into his cell and changed his clothes. He left his

cell and went to his graduation. He returned two hours later. He changed his clothes in his cell. He was told by an officer to report to the kitchen. When he came out of his cell, he slipped and fell in the water and hit his head. When he tried to get up, his leg and back were painful and he couldn't move. Another inmate eventually helped him into his cell where he went into a deep sleep. He was taken later to the medical unit in a wheelchair. He was given two Tylenol pills and told to walk back to his unit. When the Claimant told the nurse he could not walk, he was told to return to his unit or be written up for violating a direct order. It took him 20 to 30 minutes to walk back to his cell because he was in so much pain. He did not get to see the doctor but was given a three-day lay-in slip by the nurse. He saw the doctor on June 18, 1990. The Claimant was X-rayed and given Advil. The Claimant was told the X rays were negative.

On August 5, 1990, the Claimant was transferred to the prison at Danville. He saw the doctor at Danville on August 17, 1990. The Danville doctor put the Claimant on heat treatment and gave him pain medication and muscle relaxers. He was given a CAT scan. The Claimant contends it showed that his spine, at L4 and L5, was compressed and the cartilage in the middle was swollen. At the time of trial, the Claimant was still under the doctor's care and wore a back brace. He was taking medication and periodic heat treatments.

The Claimant's complaint is that the officials at Centralia knew the shower curtains were too short to prevent water from staying in the shower and that they did not take any steps to make a hazardous condition less hazardous. The Claimant testified as to various options available. The officials could have put on a longer shower curtain. They could have put a drain in the hall closer to the

shower. They could have had the porters mop the floor more often or had each inmate mop the floor as he finished a shower.

The Claimant testified that in prison he has no choice as to where he lives. He must follow orders. He could not have refused to go to the kitchen through the water when he was so ordered.

The Claimant is a concrete maintenance worker by trade and now that his back hurts he contends that he may not be able to do that work. He believes he should be compensated for his anguish, pain and suffering.

The State's evidence was that the shower curtains are short for security reasons, so that officials could determine if more than one inmate is in the shower stall. The Claimant partially rebutted this contention by pointing out there is a window for the guard to look into the shower. There is a four-inch curb outside the shower stall which is supposed to keep excess water from going into the inmate cell area.

The Claimant's medical progress notes in the departmental report corroborate his testimony. The June 15, 1990, notes indicate "I slipped in the water outside my cell," and that the Claimant complained of back pain. On June 18, 1990, the Claimant was seen by a nurse and complained of pain and numbness. The Claimant saw the medical staff in regard to his back on August 5, 6 and 18, 1990. On August 18, 1990, he complained the back was affecting his left leg. He again was seen on August 20 and 31 and September 1, 4 and 17, 1990, and complained of lower backaches and back pain. The medical records indicate the CAT scan in September of 1990 and many visits to the medical unit for back pain through the end of 1990. The CAT scan indicated minimal bulging of the

disc at L4-L5. There was also moderate herniation of the disc at L5-S1 on the left side. At the end of 1990, the medical records indicated some improvement in the Claimant's condition. At the time of the trial, the Claimant's back was much better, though he claimed it still seized up from time to time.

In the present case, the State was responsible for the water being in the hallway and knew of the condition. Even with the security reasons for the short shower curtains, the State had a duty to protect its prison inmates from a dangerous condition known to the State. All of the possible safeguards propounded by the Claimant were reasonable and inexpensive and could have been implemented in some combination to lessen the chance of persons slipping on the wet floor. It was foreseeable that an inmate would slip, fall and injure himself on this wet floor. Therefore, we find that the State was negligent.

The Respondent has raised the issue of contributory negligence in this claim and has cited *LeMasters v. State* (1981), 35 Ill. Ct. Cl. 90, a prison slip and fall case, for the proposition that the Claimant's failure to exercise due care while walking on a wet floor should defeat his claim.

This Court believes that the *LeMasters* case, *supra,* represents a precomparative negligence standard, while *Conners v. State* (1988), 40 Ill. Ct. Cl., represents the application of the comparative negligence standard. The Claimant in *Conners, supra,* was walking on a wet floor when he fell, and he knew the floor was wet and slippery. In fact, the Claimant in *Conners, supra,* walked off of a protected area. His negligence was found to be 50% of the proximate cause of the accident.

In this claim, the Claimant was aware of the wet condition, but he had no choice but to walk through it.

This Court finds that the Claimant did fail to use due care at the time of his fall, but that his negligence would not be as great a percentage of the total fault as in *Conners, supra.* We find that the Claimant's failure to use due care was 25% of the proximate cause of the accident.

The Claimant's claim of medical negligence must be denied. There was no proof presented as to the standard of care or that the Respondent deviated from the standard of care. There was no expert testimony presented.

The Claimant's argument for appointed counsel must also fail as there is no provision in the law for appointed counsel in the Court of Claims. It is also obvious from the record that the Claimant has presented a case worthy of a licensed attorney.

The permanency of the Claimant's condition and whether it would present a loss of use in future years is speculative. Evidence tends to establish that the Claimant's condition had improved substantially by the time of trial and the prognosis was good. The Claimant was incapacitated for a period of time and did have pain and suffering and may have some small residual pain in the future. We find that the Claimant suffered damages in the amount of $6,000, which shall be reduced 25% to $4,500 because of the Claimant's contributory negligence.

It is therefore ordered that the Claimant is awarded the sum of $4,500.