(No. 89-CC-1874)

SILVERIO RODRIGUEZ, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 21, 1994.*

SILVERIO RODRIGUEZ, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTOPHER K. WELLS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

The Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against the Respondent, State of Illinois, for injuries sustained by the Claimant in a fall at the Danville Correctional Center on November 17, 1988. The Claimant's complaint alleges that at approximately 7:30 p.m., on the date in question, he was walking into the lower level of a shower area when he slipped on a puddle of water that had leaked from the upstairs shower.

The Claimant contends that the water should have been cleaned up, but was not. He alleges that he hit the window leading to the control hub with his head resulting in "busting the right side of my head."

The Claimant contends that the wound in his head was sutured with seven stitches. He seeks damages against the Respondent in the sum of $100,000.

At the hearing, the Claimant testified, through an interpreter, that on the date in question, he was walking in the lower level of the shower area outside of the shower. He testified that he slipped on a puddle of water that leaked from the upstairs shower. The Claimant testified that the "puddle" should have been cleaned up, but was not. He testified that he struck his head on the ground, despite the fact that in his complaint he alleged that his head struck the window leading to the control hub. At the hearing, the Claimant indicated that he had been injured on the upper portion of his forehead above the outer aspect of his right eye. He contended at the time of the hearing that he gets "dizzy" and can't see well from his right eye.

In further testimony, the Claimant contended that the water on the floor was hard to see because the floor was waxed and shined, and that you "can barely see the water on the ground." The Claimant was a porter and had cleaned up water in the same area before "as a porter." He testified that there had been leaking in this location for four months and "the guy had to clean it," and that the Administration was supposed to fix the leak.

The Claimant received medical attention consisting of the suturing of the wound and was sent back to his cell. The Claimant contends his skull was fractured but denies that any x-rays were taken. The Claimant stated that he

took Tylenol as a result of problems with the injury, but he was not given any other medication.

The Claimant testified that he had not complained to a doctor at the Hardin County Work Camp because "before we see a doctor here, we have to be almost half way dead." He had been at Hardin County eight months. He denied having headaches or getting dizzy before the injury.

The Claimant admitted that he was wearing "shower shoes" at the time of his fall. He had acquired the shower shoes at the commissary. He was in the process of washing his "hot pot" at a sink near the shower on the lower level when he slipped. He testified that there was water on the floor everywhere because people came out of the shower and were tracking water onto the floor. The Claimant testified he knew there was a leak and the water was coming down because he was the porter in that area, although he couldn't see the water because the wax made the floor shine.

Although the Claimant testified that the moisture on the floor in the area of the sink and shower was difficult to see, he readily admits being aware of a water problem in the area for four months. Indeed, the Claimant testified he was a porter in the area and had been required to clean water in the area where he fell. This Court has pointed to the factor of concealment or lack of knowledge in slip and fall cases as being an important element of proof. For example, in *Double v. State* (1967), 26 Ill. Ct. Cl. 87, 91, this Court indicated that recovery could not be had in a slip and fall situation if the danger was, or should have been, apparent to the Claimant. As in the *Double* case, there is no proof in this case that the wet or damp condition of the floor was in any way concealed from the Claimant; and, indeed, the evidence strongly suggests

that the Claimant was well aware of a water problem in the area where the fall occurred. Further, there is evidence that porters, including the Claimant, had been assigned to this area for purposes at least in part, to remove water from the surface of the floor. He had himself performed that task.

It is the finding of this Court that though a dangerous condition existed and the State was aware of it, the Claimant was also aware of the condition and had a duty to proceed with due care. We find that the slip and fall was more than 50% the fault of the Claimant due to his special awareness of the situation. As the Claimant's negligence was more than 50% responsible for the accident, he may not recover. (735 ILCS 5/2—1116.) It is therefore the order of this Court that this claim is denied.