(No. 94-CC-0131-)

ANDRE PINNICK, Claimant, *v.* THE STATE OF ILLINOIS, SHERIDAN CORRECTIONAL CENTER, Respondent.

*Opinion filed November 10, 1997.*

KIPNIS, KAHN & BRUGGEMAN, LTD. (CLAUDE B. KAHN, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (PAUL CIASTKO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This matter comes to be heard on the claim of Andre Pinnick for personal injuries sustained in an incident on June 2, 1993. The Claimant, Andre Pinnick (hereinafter "Pinnick"), seeks compensation for injuries to his person incurred while he was a prisoner of the State of Illinois in Sheridan Correctional Center. Specifically, the Claimant Pinnick asserts that the State's failure to adequately maintain the electrical outlet in his cell and/or to repair said outlet despite proper notice of its defective condition caused certain events to be put into motion, the end result of which was that he sustained serious burns to the area of his right thigh.

The details surrounding the actual incident are decidedly one-dimensional since only the Claimant and his cellmate, Christopher Nowling, testified as to the occurrence itself and the events immediately preceding and following said occurrence. Officers Michael Morris and Mr. Darryl Thompson, both employees of Sheridan at the time of the occurrence, offered very little insight with regard to the issues in controversy. The only concrete information forwarded was that upon their review of the written records,

no written request for repair of a defective outlet was filed by the inmates of cell 31 or the personnel of building C17.

Essentially undisputed, though is the following. On June 2, 1993, the Claimant was a resident of cell C-31 in building C17 at Sheridan Correctional Center, along with Christopher Nowling. On that date, at around 10:30 p.m., Claimant was using a "hot pot" to cook some macaroni. The area used to cook was a shelf above the desk in the cell and next to the toilet. The activity of cooking with a hot pot by an inmate in his own cell was allowed by the correctional facility. Claimant stated that the hot pot he was using did not work correctly, and specifically stated that he was unable to control the temperature other than by unplugging the machine and letting it cool down when it invariably overheated. This was corroborated by witness Nowling. Significantly, Claimant admitted that he understood the hot pot was defective when he was using it on June 2, 1993.

While cooking his macaroni, Claimant testified that the hot pot began to boil over, requiring him to unplug it. After the hot pot settled down (a period of three to five minutes), Pinnick attempted to plug it back in. It is unclear whether he attempted to put the plug back into the outlet or the plug back into the receptacle on the hot pot. According to Claimant, when he attempted to do so, he "got a shock, and [he] heard a dzzzz, dzzzz, a popping noise and then * * * jumped back." When he jumped back, the hot pot fell from the shelf onto his lap.

Pinnick sustained various burns to the upper part of his right leg with resultant permanent scarring on his right thigh, as depicted by Claimant's photographic exhibits. These are the injuries for which he seeks compensation.

In the eyes of this Court, the issues presented are threefold: (1) Did the State breach its duty to provide a

reasonably safe environment for the inmates, including Claimant, in its custody—specifically, was the outlet in the cell of Claimant defective or dangerous and did the State have proper notice of said deficiency but fail to timely correct it; (2) Did the defective outlet cause or contribute to cause the injuries of the Claimant; and, (3) Did the Claimant assume the risk of his injuries and exercise due care in his own actions that led to his injuries.

On the first issue, this Court finds it likely that the outlet in Claimant's cell was defective and dangerous *and* the State failed to seasonably repair said deficiency despite proper notice; thus arguably the State has breached a duty owed to the Claimant. The State of Illinois is not an insurer of the safety of inmates in its custody but it does have a duty to the inmates of its penal institutions to provide them with reasonably safe conditions. (*LaMasters v. State* (1981), 35 Ill. Ct. Cl. 90, 92; *Reddock v. State* (1978), 32 Ill. Ct. Cl. 611, 613.) There is ample evidence that the State had been notified on many occasions of the condition of the outlet (e.g., smoking, sparking and appliances shorting out), but had failed to timely correct the deficiency. This Court finds Claimant Pinnick's and witness Nowling's testimony credible in that one or both of them advised the various prison guards of their outlet's problem. The lack of written documentation of these requests, while pertinent, does not obviate the reasonableness of the testimony and the probability that said requests were made repeatedly. However, this finding does not settle liability in this matter.

It is well-settled that if a Claimant is to recover for personal injuries, that Claimant must prove that the State's *breach* of the above stated duty *proximately caused* his injuries. In the case at hand, neither the Claimant nor his sole "occurrence" witness can offer any insight as to

*how* the hot pot was caused to leave the shelf. The only testimony on this issue is forwarded by the Claimant, wherein he testified that "it just fell off the stand" when he "jumped back." Nowling testified that he *heard* a "pop" and "turned over * * * [and] seen macaroni stick to both thighs of Andre." The testimony offered as to the proximate cause issue is severely lacking in specificity. For this reason alone, the claim of Pinnick could be denied.

However, notwithstanding said conclusion and merely for the sake of argument, this Court is willing to assume, by inference, that the pop and spark noted by Claimant more likely than not "caused" Pinnick to knock the hot pot onto his own lap, in order to fully address the third issue: assumption of risk.

It is significant that both the Claimant and witness Nowling testified that they had personal knowledge that serious problems existed with the outlet in their cell, yet they continued to use said outlet to provide power for their TV and hot pot. Nowling testified that he had problems such as sparks and smoking with the outlet "like almost every * * * all the time," that the outlet would spark "most of the time when [they would] plug in an appliance" and that he had seen Pinnick have the same type of problem. Claimant Pinnick admitted he had seen Nowling have problems with the outlet on prior occasions and had problems with sparking and smoking from the outlet himself. Testimony of this type raises serious concerns with the issue of assumption of risk. Eating macaroni and watching TV are not the type of activities that are guaranteed to inmates, but are merely privileges. Both Claimant and Nowling testified that they received three meals a day in the center's cafeteria *and* that they could supplement that with items bought from the commissary. It is clear that the use of the outlet is not essential to the basic

well-being of these inmates. It is also abundantly clear that the decision to use the defective outlet was knowingly undertaken by the Claimant. In aggravation of this situation, the Claimant knowingly used a "defective" appliance in the "defective" outlet. Claimant cannot avoid the responsibility of showing due care for his own action when he prosecutes a claim before this Court. The State is not an insurer of all accidents or injuries that occur on its premises. (*Gilmore v. State* (1987), 40 Ill. Ct. Cl. 85.) This Court finds that Claimant has failed to show that he exercised due care, and, therefore, his claim must be denied.

Thus, even though the evidence presented raises an issue as to a breach of the duty of reasonable care and safety owed to Claimant Pinnick, this Court finds that Claimant Pinnick did not carry his burden of proving more likely than not that said breach proximately caused his injuries *and* furthermore, conclusively finds that Claimant Pinnick did not show that he exercised due care in his own actions which brought about his injuries.

It is therefore ordered, adjudged and decreed that this claim be, and it is hereby, dismissed and forever barred.